NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2347
_____

FISHMAN ORGANIZATION, INC.,

Appellant

v.

FRICK TRANSFER, INC.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-11-cv-04598)
Magistrate Judge: Honorable David R. Strawbridge
_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2014

Before:  AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed: April 29, 2014)

_____

OPINION
_____

AMBRO, Circuit Judge

    This is an appeal from a bench trial determining damages in a breach-of-bailment

contract action.  Appellant The Fishman Organization, Inc. ("Fishman") leased

designated space from Frick Transfer, Inc. ("Frick"), in which Fishman stored 240 cartons of men's cologne (the "Product"). In 2009, a Frick employee, Daniel Lewandowski, stole all of the Product from the warehouse. In September 2010, Fishman learned that the Product was missing and, from October 2010 onward, refused to pay rent to Frick. Prior to discovering the theft in September 2010, Fishman had not provided Frick with any information about either the quality or value of the Product.

In 2011, Lewandowski pleaded guilty to stealing the Product. As part of his sentence, he was ordered to pay restitution to Fishman in the amount of $100 per week. Fishman subsequently brought this diversity action in the Eastern District of Pennsylvania. In July 2012, the District Court granted Fishman's motion for summary judgment as to the liability portion of its breach-of-contract claim. The Magistrate Judge[1] then conducted a trial to determine damages and, in April 2013, issued an Opinion and Order ruling that Lewandowski had stolen 5,688 units of the Product from the warehouse and that Fishman should receive damages of $161,994.24 based on its purchase price of $28.48 per unit. The Magistrate Judge declined to award Fishman credit for the rent it had paid Frick from June 2007 to September 2009, but awarded Frick a credit for the unpaid rent from October 2010 to December 2012. Finally, the Magistrate Judge determined that Frick was entitled to a credit for the $2,200 in court-ordered restitution that Fishman had received thus far from Lewandowski, and ordered that all future restitution payments from Lewandowski go directly to Frick, which would thus recoup

---

[1] The parties consented to the Magistrate Judge's authority to decide their case.

the money paid to satisfy the damages award to Fishman.  Fishman challenges these

determinations on appeal.[2]

We review a district court's findings of fact following a bench trial for clear error.

*Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 514-15 (3d Cir. 2012).  We exercise

plenary review over that court's conclusions of law.[3]  *Id.*

A.    Lost Profits

Fishman argues that the District Court erred by refusing to award damages for lost

profits.  In determining damages, the Court first found that Lewandowski stole 5,688

units of the Product from the warehouse.  Fishman claimed that it should receive lost-

profits damages of $290,088 because it would have sold the Product to a prospective

buyer at a price of $51 per unit.  Frick, on the other hand, argued that the Product should

be valued at Fishman's purchase price of $28.48 per unit because the prospective sale

was speculative.  Under Pennsylvania law, a plaintiff may recover damages for lost

profits in a breach-of-contract action only if it establishes that those damages (1) are

calculable with reasonable certainty, (2) were proximately caused by the breach of

contract, and (3) were reasonably foreseeable.  *Delahanty v. First Pennsylvania Bank,*

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Frick argues that we should review the trial court's damages determination for clear error, rather than *de novo*.  To the extent the trial court's award of damages involved mixed conclusions of law and fact, we "break down such conclusions into their components and apply the appropriate standard of review to each component." *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 305 (3d Cir. 2008).  Here, the trial court's damages award would be affirmed under either *de novo* or clear error review.

*N.A.*, 464 A.2d 1243, 1258 (Pa. Super. Ct. 1983). The Court correctly declined to award lost profits because the losses were not established with reasonable certainty and were not reasonably foreseeable to Frick. As the Court explained, although Fishman testified about a prospective buyer, it had no supporting evidence that a sale of all the Product at $51 per unit was likely to occur. Further, Fishman provided no evidence about the costs associated with such a sale, which would reduce any lost-profits award. The Court also noted that because Frick had no knowledge of the specifics of the Product and because no units of the Product had been sold by Fishman during the time the Product was stored in Frick's warehouse, Fishman's lost profits were not reasonably foreseeable to Frick. Thus, the Court properly awarded Fishman damages reflecting only its purchase price of $ 161,994.24.

B.     Rent Credit

Fishman contends that, because of Frick's breach of contract, it is entitled to a credit for the rent it paid from June 2007 through September 2009. Frick counters that Fishman should not receive any rent credit because Fishman used the warehouse space during that time to store substantially more inventory than the stolen Product. The District Court correctly declined to award Fishman credit for the rent it paid Frick from June 2007 to September 2009, explaining that to give Fishman damages for the cost of the Product as well as a reimbursement for rent would put it in a better position than had the contract been fully performed. *See Empire Props., Inc. v. Equireal, Inc.*, 674 A.2d 297, 304 (Pa. Super. Ct. 1996) ("In a breach of contract action, damages are awarded to compensate the injured party for loss suffered due to the breach [, and t]he purpose of

4

damages is to put the plaintiff in the position he or she would have been in but for the breach.").

C.      Restitution Credit

Fishman's final argument is that the Court erred in awarding Frick credit for $2,200 in restitution payments made by Lewandowski to Fishman and directing Lewandowski to make all future payments directly to Frick. Fishman contends that, because Frick did not request restitution in its pleadings or implead Lewandowksi as a third-party defendant, the Court lacked authority to make such an award. Fishman cites no legal authority for this position and it is not persuasive. The Court properly determined that Fishman could not receive both restitution and damages because that would be a double recovery. By ordering Lewandowski to make future restitution payments to Frick, the Court was practical in ruling that Frick should pay damages to Fishman in full and recoup any credit directly from Lewandowski. Fishman's appellate brief opposes the restitution determination only because it believes that, if it does not receive lost profits, it should not have its damages offset by restitution. Fishman cannot decide that it should receive both damages *and* restitution simply because damages are less than it hoped they would be.[4]

For these reasons, we affirm.

---

[4] Frick argues that Fishman waived its arguments as to rent credit and restitution by failing to raise them in the Concise Summary of the Case required by our Court's Local Appellate Rule 33.3. This position is entirely unsupported. Local Rule 33.3 requires, among other things, a Concise Summary of the Case for purposes of facilitating mediation and does not bear on the preservation of substantive claims.